# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (2),<br><br>　　　　　　　　　　　Defendant. | Case No.: 14cr216-MMA-2<br>*Related Case No.: 18cv1001-MMA*<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 643] |

On November 3, 2016, Defendant Israel Soto pleaded guilty to Counts 1 and 3 of a Superseding Indictment charging him with conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, sections 841(a)(1) and 846, and possession with intent to distribute methamphetamine, in violation of Title 21, section 841(a)(1), and Title 18, section 2. *See* Doc. No. 571. Defendant was sentenced to a total custodial term of 135 months. *See* Doc. No. 626. Defendant has appealed his conviction and sentence directly to the United States Court of Appeals for the Ninth Circuit. *See* Doc. No. 628. Defendant now moves to vacate and correct his sentence based on ineffective assistance

of counsel. *See* Doc. No. 643. For the reasons set forth below, the Court summarily **DISMISSES** Defendant's motion.

## DISCUSSION

Defendant raises a single claim of ineffective assistance of counsel, which he bases on the assertion that his sentence is in excess of the maximum sentence permitted by law. Defendant cites to *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), and argues that his previous state felony drug convictions have been reclassified as misdemeanors. Although Defendant does not expound upon this contention, the implication is that reclassification of his previous convictions as misdemeanors would result in a reduced criminal history score, a lower criminal history category, a lower Guidelines sentencing range, and a reduced sentence.

### 1. Legal Standard

Section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2255 Proceedings. Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

### 2. Analysis

Upon review, the Court finds that Defendant's motion is subject to summary dismissal. Defendant's claim clearly fails on the merits under *Diaz*, "in which the Ninth Circuit held that Proposition 47 does not retroactively make a defendant's felony

conviction a misdemeanor for purposes of federal law." *United States v. Vazcones*, No. 13cr3309-MMA, 2017 U.S. Dist. LEXIS 53937, at *7 (S.D. Cal. Apr. 7, 2017); *see also United States v. Menchaca*, 2017 U.S. Dist. LEXIS 16565, 2017 WL 475324, at *4-*5 (N.D. Cal. Feb. 6, 2017) ("Even if defendant demonstrated that one of the predicate felony convictions . . . was reduced to a misdemeanor under state law, the holding of *Diaz*, that reclassification pursuant to Proposition 47 does not apply retroactively for purposes of a federal sentencing enhancement, controls.").

Moreover, Proposition 47 did not amend any of the statutes under which Defendant was previously convicted. Proposition 47 is codified in California Penal Code section 1170.18, which provides in pertinent part:

> A person who . . . may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

Cal. Penal Code § 1170.18(a). According to the Presentence Report, Defendant suffered convictions under Section 11359 of the California Health and Safety Code, and Sections 368(d) and 459 of the California Penal Code.[1] *See* Doc. No. 577 at 11-12. As such, Defendant's prior state convictions are not eligible for recall or reclassification under the statute, and his motion must be denied.[2]

---

[1] The Presentence Report indicates that in 2009 Defendant was charged under Section 476a(a) of the California Penal Code for writing bad checks. *See* Doc. No. 577 at 12. However, Defendant was not convicted under Section 476a. He instead pleaded guilty to burglary under Section 459. *Id*.

[2] The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Here, a review of the record conclusively establishes that Defendant is clearly not "entitled to relief." Therefore, an evidentiary hearing is neither warranted nor required.

# CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Defendant's motion. The Court **DECLINES** to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Clerk of Court is instructed to enter judgment accordingly in the related civil case.

**IT IS SO ORDERED**.

DATE: May 22, 2018

HON. MICHAEL M. ANELLO
United States District Judge