UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (2),<br><br>                    Defendant. | Case No. 14cr216-MMA-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 670] |

Defendant Israel Soto pleaded guilty to Counts 1 and 3 of a Superseding Indictment, for possessing with intent to distribute, and conspiring to distribute, methamphetamine, in violation of Title 21, United States Code, section 841(a)(1) and 846.  *See* Doc. No. 571.  On March 26, 2018, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 135 months. *See* Doc. No. 626.  Defendant, proceeding *pro se*, now moves the Court for a reduction in sentence pursuant to Title 18, section 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines.  *See* Doc. No. 670.  For the reasons set forth below, the Court **DENIES** the motion.

<u>DISCUSSION</u>

Amendment 782 to the United States Sentencing Guidelines ("USSG"), which became effective November 1, 2014, lowered the penalties for most drug offenses by

1

reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered post-sentencing by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court lacks the authority to reduce a defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

Here, the first criterion above is not met. The applicable sentencing range was lowered by Amendment 782 prior to Defendant's sentencing on March 26, 2018. At the time of sentencing, the Court relied upon the 2016 Guidelines Manual, incorporating all guideline amendments – including Amendment 782 – to determine Defendant's offense level. *See* USSG §1B1.11. As such, the Court determined Defendant's sentence in light of the amended guideline range, and lacks the authority to further reduce Defendant's sentence.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to reduce his sentence.

**IT IS SO ORDERED**.

DATE: March 12, 2019

HON. MICHAEL M. ANELLO
United States District Judge

2