# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (2),<br><br>        Defendant. | Case No.: 14cr216-MMA-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**<br><br>[Doc. No. 679] |

  Defendant Israel Soto pleaded guilty to Counts 1 and 3 of a Superseding Indictment, for possessing with intent to distribute, and conspiring to distribute, methamphetamine, in violation of Title 21, United States Code, section 841(a)(1) and 846. *See* Doc. No. 571. On March 26, 2018, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 135 months. *See* Doc. No. 626. According to the Federal Bureau of Prisons Inmate Locator, Defendant is estimated to be released from the Bureau's custody on November 23, 2023.[1] Defendant, proceeding *pro se*, now moves this Court for a recommendation to the Director of the Bureau of Prisons that Defendant be housed in a Residential Reentry

---

[1] *Information available online at* https://www.bop.gov/inmateloc/ (last accessed 6/4/2019).

Center for a term of 12 months preceding the end of his sentence. *See* Doc. No. 679. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## DISCUSSION

It is incumbent on the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This may include transfer to a "community correctional facility," *id.*, often referred to as either a Residential Reentry Center ("RRC") or halfway house. The decision to transfer an inmate to an RRC during the final months of imprisonment lies within the sound discretion of the Bureau of Prisons. *See Rodriguez v. Smith*, 541 F.3d 1180, 1184-88 (9th Cir. 2008) (recognizing that 18 U.S.C. § 3621(b) gives the BOP authority and discretion to allow inmate to serve all or part of sentence in community confinement). Although sentencing courts lack the authority to designate a defendant's place of imprisonment, a district court may recommend "a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). An RRC is a qualifying facility.

This Court's regular practice is to make recommendations to the Director of the Bureau of Prisons regarding a defendant's placement, if any, at the time of sentencing. The Court then includes the recommendation in the judgment of conviction. For example, in this case the Court recommended at the time of sentencing that Defendant be placed in a Residential Drug Abuse Program and housed at the Federal Correctional Institute at Terminal Island. These recommendations appear in the judgment. *See* Doc. No. 626 at 2.

Nevertheless, the Ninth Circuit has indicated that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to—during the sentencing colloquy." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011). The Court finds it inappropriate to exercise that authority at this time, for several reasons. First, the Court is generally

2

reluctant to depart from its usual practice of recommending placement at a particular facility at the time of sentencing. Second, although Defendant has eloquently presented the factors favoring his request, and has provided supporting documentation of his accomplishments during his term of incarceration, the Court finds Defendant's request premature based on his current anticipated release date.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion without prejudice to renewing the motion closer in time to his anticipated release date and statutory eligibility for transfer to an RRC.

**IT IS SO ORDERED**.

DATE: June 4, 2019

HON. MICHAEL M. ANELLO
United States District Judge