# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (2),<br><br>                              Defendant. | Case No. 14cr216-MMA-2<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Doc. No. 686] |

On November 3, 2016, Defendant Israel Soto pleaded guilty to Counts 1 and 3 of a Superseding Indictment, for possessing with intent to distribute, and conspiring to distribute, methamphetamine, in violation of Title 21, United States Code, section 841(a)(1) and 846. *See* Doc. No. 571. On March 26, 2018, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 135 months. *See* Doc. No. 626. Defendant is currently serving his custodial term at the United States Penitentiary in Victorville, California. According to the Bureau of Prisons, his current anticipated release date is September 6, 2023.[1] Defendant now moves *pro se*

---

[1] *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed 2/21/2020).

for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as recently amended by the First Step Act. *See* Doc. No. 686. To date, the government has not filed a response to the motion. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## DISCUSSION

Defendant moves for a reduction of his sentence in order to assist with the support and care of his mother. According to Defendant, his mother is of an advanced age and suffers from a potentially terminal illness.

Congress has authorized courts to reduce a sentence under the criteria found in 18 U.S.C. § 3582(c)(1)(A). Pursuant to the statute's original terms, only the Director of the Bureau of Prisons was authorized to file a motion for reduction in sentence pursuant to section 3582(c)(1)(A). The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides that a court may modify a sentence upon a motion of the Director, "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [Director] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ."[2] 18 U.S.C. § 3582(c)(1)(A).

A sentencing court may grant such a request where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ." *Id*. The Application Notes following United States Sentencing Guidelines § 1B1.13 provide that extraordinary and compelling reasons exist based on certain family circumstances, including the health or care of a spouse or child, but not a parent. *See* U.S.S.G. 1B1.13, App. Notes. And

---

[2] On December 25, 2019, Defendant wrote a letter to the Warden of his institution to inquire regarding Defendant's eligibility for relief under the First Step Act. *See* Doc. No. 686 at 5. Defendant states that he has never received a response to his inquiry. The Court presumes for the purpose of ruling on the instant motion that Defendant's inquiry satisfies the statutory exhaustion requirement.

2

Defendant does not point to any other "extraordinary and compelling" reason to justify a reduction in his sentence.

The Guidelines further provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Factors to consider include the nature of the offense and the history and characteristics of the defendant. *Id*. Here, after considering the seriousness of the offenses and Defendant's criminal history, the Court is unable to conclude with any confidence that Defendant will not pose a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a). The Court acknowledges that Defendant appears to have worked diligently during his incarceration, taking multiple opportunities to educate himself and otherwise engage in self betterment. However, on balance, the 3553(a) factors simply do not favor a reduction of Defendant's sentence in this case.

## CONCLUSION

In sum, upon due consideration of all applicable statutory factors, the Court finds that extraordinary and compelling reasons do not warrant a reduction of Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATE: February 24, 2020

HON. MICHAEL M. ANELLO
United States District Judge