UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (2),<br><br>                              Defendant. | Case No. 14cr216-MMA-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 716] |

Defendant Israel Soto pleaded guilty to Counts 1 and 3 of a Superseding Indictment, for possessing with intent to distribute, and conspiring to distribute, methamphetamine, in violation of Title 21, United States Code, section 841(a)(1) and 846. *See* Doc. No. 571. On March 26, 2018, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 135 months. *See* Doc. No. 626. Defendant is currently housed at Federal Correctional Institution La Tuna in Anthony, Texas ("FCI La Tuna"); he is set to be released from the Bureau of Prisons' custody on September 6, 2023.[1] Defendant, proceeding *pro se*, moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 9/21/2021).

1

Step Act of 2018. *See* Doc. No. 716. The Court determined that the matter was not suitable for summary disposition and the government filed a response in opposition to Defendant's motion. *See* Doc. Nos. 721-25. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## DISCUSSION

Defendant seeks early release and a corresponding reduction in his custodial sentence due to the spread of the novel coronavirus disease, COVID-19, throughout the federal prison system, including the institution where he is currently housed. Defendant argues that he has several medical conditions which increase the risk of serious illness if he contracts the virus. *See* Doc. No. 716 at 2.[2] Defendant asserts that the risk to his health posed by possibly contracting the virus constitutes an "extraordinary and compelling reason" warranting reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

The government opposes Defendant's motion. *See* Doc. No. 722. The government notes that while the virus has spread throughout the prison system, the Bureau of Prisons has implemented measures to help ensure the safety of all inmates during the COVID-19 pandemic. The government maintains that Defendant cannot meet the threshold requirement of demonstrating "extraordinary and compelling reasons" to justify a reduction in his sentence based on his health conditions.

**1. Relevant Law**

In 1984, Congress authorized compassionate release from prison under the criteria set forth in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act, Pub. L. 98–473, S. 1762, 98 Stat. 1976. Under its original terms, only the Director of the Bureau of Prisons was authorized to file a motion for compassionate release pursuant to section 3582(c)(1)(A). The First Step Act went into effect on December 21, 2018. *See*

---

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).[3]

### 2. Analysis

As a threshold matter, the Court finds, and the parties do not dispute, that Defendant has exhausted his administrative remedies.  Defendant submitted a request for early release to the warden of the institution on or about August 2, 2020; the warden denied his request on September 30, 2020.  *See* Doc. Nos. 722-2 and 722-3 (Def. Ex. 2-3).  As such, the Court may consider the merits of Defendant's motion.

---

[3] Many years prior to this modification, the United States Sentencing Commission published a policy statement addressing the standards for early release. *See* U.S.S.G. § 1B1.13.  However, as the Ninth Circuit recently explained, section 1B1.13 "is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, __ F.3d __, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *accord United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021); *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281-21 (4th Cir. 2020).

According to the Centers for Disease Control and Prevention ("CDC"), COVID-19 poses a heightened risk to the nation's incarcerated population.[4] Defendant is currently housed at FCI La Tuna, a low security facility which accommodates a population of approximately 750 inmates. This facility previously experienced significant contagion of the virus, reporting three inmate deaths and recovery from infection by approximately 400 inmates. However, FCI La Tuna currently reports zero active cases of COVID-19 among inmates.[5]

The CDC has also recognized that individuals who suffer from certain medical conditions may be at a higher risk of serious illness from COVID-19.[6] Defendant argues that he is at particular risk because he suffers from various medical conditions, including kidney stones, "heart problems," hyperthyroidism, and high blood pressure. Doc. No. 716 at 2. The Court has found under other circumstances that the spread of the novel coronavirus throughout the federal prison system and a defendant's serious medical conditions may constitute "extraordinary and compelling" reasons warranting compassionate release. *See, e.g.*, *United States v. Mobley*, No. 17CR2198-MMA, 2020 WL 6700532 (S.D. Cal. Nov. 13, 2020); *United States v. Bennen*, No. 17CR3431-MMA-3, 2020 WL 5968922 (S.D. Cal. Oct. 8, 2020). However, those circumstances are not present here. Defendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent and Defendant is a 38-year-old whose health concerns do not warrant early release from custody.

---

[4] *See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, updated 2/19/2021, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited 3/7/2021).

[5] *See Federal Bureau of Prisons COVID-19 Coronavirus*, updated 9/21/2021, available at https://www.bop.gov/coronavirus/ (last visited 9/21/2021).

[6] *See COVID-19: People at Increased Risk and Other People Who Need to Take Extra Precautions*, updated 3/29/2021, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 4/26/2021).

Even assuming the spread of the novel coronavirus throughout the federal prison system and Defendant's health concerns constitute "extraordinary and compelling" reasons warranting compassionate release, the required analysis does not end there. The Sentencing Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) provides:

> Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant's conviction offenses in this case, while non-violent, were extremely serious. And while it is theoretically uncertain whether Defendant poses a danger to the safety of other persons or to the community if prematurely released, his criminal history includes multiple convictions for theft, burglary, and drug possession. *See* Doc. No. 577

at 10-12.  These offenses, together with his admitted drug use, documented membership in a criminal street gang, and multiple previous arrests for petty crimes against the community, indicate that there is a risk.  *See id*. at 12, 14.

The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  Section 3553(a) provides:

> Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... [;]
>
> (5) any pertinent policy statement ... [;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  The balance of these factors weighs against early release.  The Court acknowledges that Defendant appears to have worked diligently during his

incarceration, taking multiple opportunities to educate himself and otherwise engage in self-betterment. However, Defendant's 135-month sentence already constitutes a departure from the applicable Guidelines range and was ultimately significantly less than the 180-month custodial term suggested by United States Probation.

Upon consideration of all the factors set forth in section 3553(a), especially § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense"), § 3553(a)(1) ("the history and characteristics of the defendant"), and § 3553(a)(2(B) ("to afford adequate deterrence to criminal conduct"), the Court finds that those factors weigh against granting Defendant's request for early release.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion for early compassionate release and a corresponding reduction in his sentence.

**IT IS SO ORDERED**.

DATE: September 21, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge