UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (2),<br><br>              Defendant. | Case No. 14cr216-MMA-2<br><br>**ORDER RE: DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**<br><br>[Doc. No. 740] |

Defendant Israel Soto pleaded guilty to Counts 1 and 3 of a Superseding Indictment, for possessing with intent to distribute, and conspiring to distribute, methamphetamine, in violation of Title 21, United States Code, section 841(a)(1) and 846. *See* Doc. No. 571. On March 26, 2018, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 135 months. *See* Doc. No. 626. Defendant, proceeding *pro se*, now moves this Court for a recommendation to the Director of the Bureau of Prisons that Defendant be housed in a Residential Reentry Center for twelve (12) months preceding the end of his sentence. Doc. No. 740. For the reasons set forth below, the Court **GRANTS** Defendant's motion.[1]

---

[1] The Court finds this matter suitable for determination without a response from the government.

## DISCUSSION

It is incumbent on the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This may include transfer to a "community correctional facility," *id.*, often referred to as either a Residential Reentry Center ("RRC") or halfway house. The decision to transfer an inmate to an RRC during the final months of imprisonment lies within the sound discretion of the Bureau of Prisons. *See Rodriguez v. Smith*, 541 F.3d 1180, 1184–88 (9th Cir. 2008). Although sentencing courts lack the authority to designate the location of a defendant's confinement or placement in a particular facility, a district court may recommend "a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). An RRC is a qualifying facility, and the Ninth Circuit has indicated that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time . . . ." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

This Court's regular practice is to make recommendations to the Director of the Bureau of Prisons regarding a defendant's placement, if any, at the time of sentencing. The Court then includes the recommendation in the judgment of conviction. For example, in this case the Court recommended at the time of sentencing that Defendant be placed in a Residential Drug Abuse Program and housed at the Federal Correctional Institute at Terminal Island. These recommendations appear in the judgment. *See* Doc. No. 626 at 2.

Nevertheless, the Ninth Circuit has indicated that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to—during the sentencing colloquy." *United States v Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

This is Defendant's third motion for a judicial recommendation. Previously, Defendant moved the Court to recommend relocation to an RRC in May 2019, Doc. No. 679, and August 2020, Doc. No. 697. The Court denied both motions, finding that his requests were premature in light of his anticipated release date. *See* Doc. Nos. 680, 698.

Defendant is currently set to be released from custody on October 30, 2022 and is eligible for home detention on April 30, 2022.[2] Therefore, Defendant is now statutorily eligible for transfer to an RRC and his request is timely. *See* 18 U.S.C. § 3624(c)(1); *see also United States v. Bragg*, No. 12cr3617-CAB, 2021 U.S. Dist. LEXIS 229337, at *2 (S.D. Cal. Nov. 30, 2021) ("When the BOP decides to release a prisoner to a RRC can depend on the inmate's accumulation of time credits earned through rehabilitative prison programming, *see* 18 U.S.C. 3632(d), but it generally cannot exceed 12 months. *See* 18 U.S.C. 3624(c).").

Although the Court is generally reluctant to depart from its usual practice of recommending placement at a particular facility at the time of sentencing, in this case the Court finds that a recommendation of placement at an RRC is appropriate here. Defendant has eloquently articulated factors favoring his request and previously informed the Court and provided documentation of his accomplishments during his term of incarceration. *See* Doc. No. 679 at 2, 6–17, 19; Doc. No. 697 at 1–2. The Court also finds it particularly important for an individual with Defendant's history of criminal activity and substance abuse to spend a portion of his sentence "under conditions that will

---

[2] According to Defendant's motion, as of February 2, 2022, he has "8 months to release due to F.S.A. credits." Doc. No. 740 at 2. In support of his motion, Defendant attaches a Sentence Monitoring Computation Data document indicating that he is projected for release on October 30, 2022. *Id.* at 4. However, the Bureau of Prisons' website indicates that his projected release date is October 17, 2023. *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 02/25/2022). Due to the importance of his anticipated release date as to the timeliness of his motion, the Court independently contacted the Bureau of Prisons Designation Sentencing Computation Center and learned that Defendant is anticipated for release on October 30, 2022 and is eligible for home detention on April 30, 2022.

afford [him] a reasonable opportunity to adjust to and prepare for . . . reentry . . . into the community." 18 U.S.C. § 3624(c)(1). Furthermore, the Court notes that special condition number 4 of Defendant's supervised release requires him to reside in an RRC for a period of up to 120 days. *See* Doc. No. 626 at 4. Accordingly, placement in an RRC prior to the commencement of his supervision seems appropriate and the Court will so recommend. However, the Court defers to the Bureau of Prisons' determination as to the appropriate period of months.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion. The Court **RECOMMENDS** to the Director of the Bureau of Prisons that Defendant be placed in an RRC for some period of months, not to exceed the statutory maximum, prior to the end of his custodial term.

**IT IS SO ORDERED**.

Dated: February 28, 2022

HON. MICHAEL M. ANELLO
United States District Judge