UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (2),<br><br>Defendant. | Case No. 14cr216-MMA-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>[Doc. No. 742] |
|---|---|

Pending before the Court is Defendant Israel Soto's third motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1). *See* Doc. Nos. 670, 716. The Court previously denied Defendant's two prior motions. *See* Doc. Nos. 674, 726. Defendant now asks the Court to reduce his sentence to time served or in the alternative, time served with a condition of home confinement.

As an initial matter, the Court lacks the statutory authority to transfer Defendant to home confinement, even under the CARES Act. The Attorney General of the United States, through his designee, the Director of the Bureau of Prisons ("BOP"), has the sole authority to designate the place of Defendant's confinement. *See* 18 U.S.C. § 3621(b). The CARES Act is consistent with the current statutory scheme and provides that "*if the Attorney General* finds that emergency conditions will materially affect" BOP

functioning, the Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).  Pub. L. 116-136, § 12003(b)(2) (emphasis added).  Therefore, to the extent Defendant seeks transfer to home confinement for some portion of the remainder of his custodial term, he must direct his request to the Warden of his institution.

As to Defendant's request for a reduction in sentence, pursuant to the statute's original terms, only the Director of the Bureau of Prisons was authorized to file a motion for reduction in sentence under section 3582(c)(1)(A).  The First Step Act went into effect on December 21, 2018.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides that a court may modify a sentence upon a motion of the Director, "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [Director] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . .."  18 U.S.C. § 3582(c)(1)(A).

Defendant does not indicate whether he has exhausted his administrative remedies by first requesting relief from the Bureau of Prisons.  According to the government, he has not. *See* Doc. No. 750 at 9.  This precludes relief.  Section 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked.  *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).  Because the government properly invoked the rule here, the Court lacks the authority to address the merits of Defendant's motion.  *See id.*; *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (a mandatory claims-processing rule "foreclos[es] judicial discretion" to create an exception not otherwise found in the statutory text).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion for a reduction in sentence.  The Court's denial of Defendant's motion is without prejudice to renewal upon

a sufficient demonstration that he has fully exhausted his administrative remedies and qualifies for such relief.

**IT IS SO ORDERED**.

Dated: April 21, 2022

HON. MICHAEL M. ANELLO
United States District Judge

3

14cr216-MMA-2